```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA

                        CHARLESTON
```

**ROBERT JOSEPH BLAKE,**

      **Plaintiff,**

v.                                           Case No. 2:10-cv-00923

**PAUL PERRY,**
**CAPTAIN RUSSELL MATHENY,**
**CAPTAIN JAMES MCCLOUD, and**
**ONE FROM MENTAL HEALTH,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

Plaintiff Robert Blake has filed numerous documents in this Court since October of 2009.[1] The number, duplication, lack of substance and incredibility of his so-called "complaints" compels the undersigned to invoke the "three strikes" provisions of 28 U.S.C. § 1915(g) and to curtail Plaintiff's litigation.

Pursuant to the provisions of 28 U.S.C. § 1915A, the court screens each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  On review, the court must dismiss the case if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.  A "frivolous" case has been defined

---

[1] Since the filing of the Complaints discussed herein, Plaintiff has filed 15 other civil actions in this court, and numerous amended complaints within those actions, all of which fail to state a claim upon which relief can be granted.

as one which is based on an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). This screening is usually done prior to consideration of the Application to Proceed in forma pauperis.

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a sanction shall be imposed on those prisoners who file meritless lawsuits repeatedly. The sanction is that such prisoners lose the right to proceed without prepayment of fees and costs.

> In no event shall a prisoner bring a civil action under this section [relating to proceedings in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); see also, Ashley v. E. Dilworth, CO-1, 147 F.3d 715 (8th Cir. 1998)("Section 1915(g)denies the installment payment method to those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted ("three strikes").")

At a status conference on September 29, 2010, with Plaintiff participating by video, the undersigned reviewed with him the allegations of Plaintiff's various complaints. All of the status conference, which lasted over an hour, was digitally recorded (# 20); part of the conference was reported and transcribed by a court

reporter (# 22). The undersigned advised Plaintiff of the "three strikes" provision of § 1915(g), the limitations on prisoner litigation, and the importance of exhausting his administrative remedies. Plaintiff stated, under oath, that the most important claims he had were those addressed in Blake v. Miller, 2:10-cv-00031, and that the Court could "go ahead and drop" the rest of his complaints. (Tr. Hrng, # 22, at 24.) Later in the hearing, Plaintiff confirmed that he agreed that cases other than Blake v. Miller could be dismissed. Id. at 31.

Plaintiff's first complaint, Blake v. Maze, 2:09-cv-1153, was dismissed without prejudice for failure to prosecute and it is not counted as a "strike."

Plaintiff's second complaint, Blake v. Miller, 2:10-cv-00031, is pending before the presiding District Judge on Proposed Findings and Recommendation that it be dismissed with prejudice for failure to state a claim upon which relief can be granted. If the Proposed Findings and Recommendation is adopted, that case will be Plaintiff's "first strike."

The instant case was originally filed in letter form on July 19, 2010. A complaint was filed on July 23, 2010 (docket # 4). It appears that Plaintiff is claiming that his classification was dropped in the Quality of Life program from Level Four to Level One, which means that he lost certain privileges within the Administrative Segregation Unit. He claims that the misconduct

which was attributed to him was done by others, or the correctional officers would simply create entries in the logs. An inmate must progress through the levels of the Quality of Life program in order to be eligible for a classification that may ultimately result in release to the general population. At the status conference, upon being informed that the federal court does not control the decisions made with respect to classification and inmate assignment, Plaintiff stated that he was willing for this case to be dismissed. Accordingly, by Order entered September 30, 2010, the case was dismissed with prejudice and Plaintiff's application to proceed without prepayment of fees and costs was denied as moot (# 21).

Three weeks later, on October 20, 2010, Plaintiff filed an amended complaint in which he states that he was not given a fair hearing on May 27, 2010, when he was dropped from Level Four to Level One and repeated his assertions that others committed the acts of which he was accused (# 24). On October 28, 2010, Plaintiff filed another amended complaint in which he again states that the May 27 hearing was not fair and that other inmates committed acts which were attributed to Plaintiff (# 25). On November 5, 2010, Plaintiff filed another amended complaint in which he makes the exact same allegations (# 26). On December 2, 2010, Plaintiff wrote to the Hon. John T. Copenhaver, Jr., who was then assigned to the case, asking Judge Copenhaver to enter an

4

order that Plaintiff is a Level Three (# 27).

It is well-settled that placement in administrative segregation is the sort of confinement that inmates should reasonably anticipate experiencing at some point in their incarceration. Hewitt v. Helms, 459 U.S. 460, 468 (1983). In Sandin v. Conner, 515 U.S. 472, 484 (1995)), the Supreme Court held that the Due Process Clause applies only if the restraints at issue exceed the prisoner's sentence "in such an unexpected manner as to give rise to protection by the Due Process Clause of [their] own force" and do not violate any other constitutional provision. None of Plaintiff's allegations concerning the conditions of his confinement contain any suggestion that he is subject to any atypical and significant hardship. Plaintiff's allegations that the correctional officers falsified the entries which resulted in his change in Level are unpersuasive for two reasons: first, Plaintiff himself has lost credibility due to his wild and unsubstantiated allegations as detailed in Blake v. Miller, 2:10-cv-00031; and second, because Plaintiff has no liberty interest in avoiding Level One of the Quality of Life program or in achieving any other Level.

The undersigned proposes that the presiding District Judge **FIND** that Plaintiff's complaint and several amended complaints fail to state a claim upon which relief can be granted. It is respectfully **RECOMMENDED** that a judgment order be entered which

reflects that this case is dismissed with prejudice for failure to state a claim upon which relief can be granted, and that it is not dismissed pursuant to Rule 41, as the docket sheet currently reads. This case should be counted as Plaintiff's "second strike."

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to opposing counsel and Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

January 11, 2011
    Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge